UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARYURY PAVON,

        Plaintiff,

-against-

HAMASPIK CHOICE INC.,

        Defendant.
-------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Plaintiff, by her attorneys, RANNI LAW FIRM, complaining of Defendant, respectfully alleges upon information and belief as follows:

## THE PARTIES

1. Plaintiff, (hereinafter "Pavon" or "Plaintiff"), is an individual who resides in the Town of Fishkill, State of New York, County of Duchess.

2. Upon information and belief, Defendant Hamaspik Choice Inc. (hereinafter "Hamaspik" or "Defendant"), is a domestic corporation authorized to do business in the State of New York with an address of 58 Route 59, Suite 1, Monsey, New York 10952.

3. Upon information and belief, Defendant Hamaspik is and was an employer defined by the relevant federal and state statutes and regulations that protect disabled persons from discrimination.

4. Upon information and belief, at the relevant times herein, Defendant Hamaspik employees more than three-hundred (300) people at any given moment.

## JURISDICTION AND VENUE

5.  Jurisdiction is based upon 28 U.S.C. §1331, §1343; 29 U.S.C. §79; 42 U.S.C. §12101 et seq; and 42 U.S.C. 2000e and New York State Executive Law Sec. 291 et seq.

6.  Venue is based on the residence of the parties.

## STATEMENT OF FACTS

7.  Defendant employed Plaintiff until her termination on August 13, 2019 due to Plaintiff requesting FMLA leave.

8.  In February 2019, Plaintiff advised Defendant Hamaspik she was pregnant in February 2019.

9.  During the week of June 9, 2019, Plaintiff sought treatment at a hospital related to her pregnancy of which she advised her Supervisor Maureen White, Human Resources and Manager Chaya Back.

10. Plaintiff advised Defendant Hamaspik she may need reasonable accommodation related to disabling conditions as a result of her pregnancy.

11. On June 19, 2019 Plaintiff complained about the failure to respond to her request for reasonable accommodation as well as that the situation was not being handled properly.

12. On July 19, 2019 Plaintiff was advised that her productivity was being close to doubled from eight (8) applications to fifteen (15).

13. On August 8, 2019 Plaintiff requested Family Medical Leave Act "FMLA" forms as it was anticipated that Plaintiff would need maternity leave in two-three weeks.

14. At all times Plaintiff performed her duties and responsibilities in an at least satisfactory manner without material complaint or criticism.

15. While Plaintiff had performed her duties at home, she was now being required to come into the office. Plaintiff complained to her Manager, Chaya Back, and reminded her of labor laws protecting her from discrimination.

16. While Defendant had another open position for which Plaintiff requested, Plaintiff was denied while being told she was "overqualified."

17. On August 13, 2019 Plaintiff was advised by Chaya Schlesinger and Maureen White that she was being "laid off" from employment.

18. On August 13, 2019 Plaintiff received FMLA paperwork after she had been terminated.

19. On August 22, 2019 Defendant picked up their property from Plaintiff's home and Plaintiff advised Defendant she shredded all documents related to her former employment.

20. On September 25, 2019 Plaintiff was visited by a police investigator claiming a complaint had been filed by Defendant stating that Plaintiff had retained confidential medical information and threatened criminal prosecution. Plaintiff assured him all property had been returned or was shredded.

21. Defendant provided Plaintiff with salary, benefits, medical insurance, retirement benefits and perquisites as part of her employment.

22. As a result, Plaintiff has suffered negative employment actions motivated by discrimination based upon her pregnancy disability; her need for accommodation; being regarded as disabled and/or having a record of disability and in retaliation for her protected

activity.

23. Plaintiff suffered discrimination as a result of the conduct of the Defendant, its agents, servants or employees despite Plaintiff's ability to perform the essential job functions with or without reasonable accommodation. Defendant's conduct was motivated by discriminatory animus towards Plaintiff's pregnancy disability; accommodation and/or as a result of Plaintiff's history and/or record of disability; and/or being regarding as disabled; and as retaliation against the Plaintiff for having engaged in protected activity.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 USC 2000e et seq.
## PREGNANCY DISCRMINATION ACT

24. By reason of the Defendants' Quid Pro Quo Sexual Harassment Defendants have violated Title VII Civil Rights act of 1964, 42 U.S. Code § 2000e et seq.

25. As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious conduct, Plaintiff suffered discrimination in violation of 42 USC 2000e *et seq.* including non-economic and economic damages.

26. By reason of Defendants' conduct and their violation of 42 USC 2000e *et seq.*, Plaintiff is entitled, to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION GENDER DISCRMINATION PURSUANT TO 42 USC 2000e et seq.

27. By reason of the Defendants' Hostile Work Environment Sexual Harassment, Defendants have violated Title VII Civil Rights act of 1964, 42 U.S. Code § 2000e et seq.

28. As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious conduct, Plaintiff suffered discrimination in violation of 42 USC 2000e *et seq.* including non-economic and economic damages.

29. By reason of Defendants' conduct and their violation of 42 USC 2000e *et seq.*, Plaintiff is entitled, to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION RETALIATION PURSUANT TO 42 USC 2000e et seq. – PREGNANCY DISCRMINATION ACT

30. By reason of the Defendants' Retaliation, Defendants have violated Title VII Civil Rights act of 1964, 42 U.S. Code § 2000e et seq.

31. As a result of Defendants' retaliatory, unlawful, wanton and malicious retaliatory conduct, Plaintiff suffered in violation of 42 USC 2000e *et seq.* including non-economic and economic damages.

32. By reason of Defendants' conduct and their violation of 42 USC 2000e *et seq.*, Plaintiff is entitled, to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION RETALIATION PURSUANT TO 42 USC 2000e et seq. – GENDER DISCRIMINATION

33. By reason of the Defendants' Retaliation, Defendants have violated Title VII Civil Rights act of 1964, 42 U.S. Code § 2000e et seq.

34. As a result of Defendants' retaliatory, unlawful, wanton and malicious retaliatory conduct, Plaintiff suffered in violation of 42 USC 2000e *et seq.* including non-economic and economic damages.

35. By reason of Defendants' conduct and their violation of 42 USC 2000e *et seq.*, Plaintiff is entitled, to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION – IS FAMILY MEDICAL LEAVE ACT 29 USC 2602 et seq.

36. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

37. Violation of Family Medical Leave Act ("FMLA") 29 USC 2601 et seq. That by reason of the foregoing, Defendant violated the FMLA by denying Plaintiff all rights and benefits pursuant thereto.

38. By reason of Defendant's conduct in violation thereof, Plaintiff is entitled to judgement of $2M, front pay, compensatory damages, damages for emotional distress, attorneys' fees, costs and disbursements or any other remedy to which he may be entitled or as this court may deem just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION – PREGNANCY DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW 296 et seq.

39. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

40. By reason of the foregoing, Defendants have violated of the Human Rights Law of the State of New York § 296, *et seq*.

41. By reason of the Defendants' conduct and their violation of NYSHRL § 296, Plaintiff is entitled to a judgment of $2,000,000.00, front pay, back pay, compensatory damages, damages for emotional distress, attorneys fees, costs and disbursements and any other remedy to the Court deems just and proper.

## AS AND FOR THE SEVENTH CAUSE OF ACTION GENDER DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW 296

42. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

43. By reason of Defendants' conduct and their violation of New York State Executive Law 296,

44. By reason of the Defendants' conduct and their violation of NYSHRL § 296, Plaintiff is entitled to a judgment of $2,000,000.00, front pay, back pay, compensatory damages, damages for emotional distress, attorneys fees, costs and disbursements and any other remedy to the Court deems just and proper.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR RETALIATION PURSUANT TO NEW YORK STATE EXECUTIVE LAW 296 et seq.-PREGNANCY DISCRIMINATION

45. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

46. By reason of the foregoing Pregnancy Discrimination, Defendants have violated in violation of the Human Rights Law of the State of New York § 296, *et seq.*

47. As a result of Defendants' discriminatory, harassing, reckless, unlawful, wanton and malicious retaliatory conduct, Plaintiff suffered in violation of Human Rights Law of the State of New York § 296, *et seq.* including non-economic and economic damages.

48. By reason of Defendants' conduct and their violation of Human Rights Law of the State of New York § 296, *et seq.* Plaintiff is entitled to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

### AS AND FOR AN NINTH CAUSE OF ACTION FOR RETALIATION PURSUANT TO NEW YORK STATE EXECUTIVE LAW 296 et seq.-GENDER DISCRIMINATION

49. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth herein in full.

50. By reason of the foregoing, Defendants have violated in violation of the Human Rights Law of the State of New York § 296, *et seq.*

51. As a result of Defendants' harassing, reckless, unlawful, wanton and malicious retaliatory conduct, Plaintiff suffered in violation of Human Rights Law of the State of New York § 296, *et seq.* including non-economic and economic damages.

52. By reason of Defendants' conduct and their violation of Human Rights Law of the State of New York § 296, *et seq.* Plaintiff is entitled to judgment of $2,000,000.00 front pay, back pay, compensatory damages, punitive damages, attorney's fees, costs and disbursements and any other remedy to which the Plaintiff may be entitled by statute or which the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 25, 2020
Florida, New York

Respectfully submitted,

Joseph J. Ranni (JR8537)
Ranni Law Firm
Attorneys for Plaintiff
148 North Main Street
Florida, New York 10921
(845) 651-0999